IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLOS ORTIZ, | § | |
| | § | |
| Defendant Below-Appellant, | § | No. 301, 2018 |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID S0208005710 |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: August 13, 2018
Decided: August 31, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

The Court has carefully considered the appellant's opening brief, the State's motion to affirm,[1] and the record on appeal. We find it clear that the judgment below should be affirmed on the basis of and for the reasons assigned by the Superior Court in its well-reasoned decision dated May 18, 2018. The Superior Court did not err in concluding that the appellant's ninth motion for postconviction relief was procedurally barred and that the appellant had failed to overcome the procedural hurdles. Contrary to the

---

[1] The appellant's request to respond to the motion to affirm is denied.

appellant's argument, he had no retroactive constitutional right to counsel to represent him in pursuing his first motion for postconviction relief.[2]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[2] *Bunting v. State*, 2015 WL 2147188 (Del. May 5, 2015).